SECURITIES AND EXCHANGE COM-
MISSION, Appellant,

v.

The WILCOX–GAY CORPORATION
et al., Appellees.

No. 12691.

United States Court of Appeals
Sixth Circuit.

April 14, 1956.

William H. Timbers, Washington, D. C., David Ferber, Aaron Levy, Washington, D. C., Thomas B. Hart, J. Kirk Windle, Chicago, Ill., on brief, for appellant.

Joseph S. Radom, Detroit, Mich., Kenney, Radom, Rockwell & Mountain, Detroit, Mich., Arthur J. Homans, New York City, on brief, for appellees.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

The Securities and Exchange Commission appealed from an order of the United States District Court for the Western District of Michigan denying its motions to dismiss the petitions of the principal debtor, the Wilcox-Gay Corporation, and its subsidiary, under Chapter XI of the Bankruptcy Act, 11

U.S.C.A. § 701 et seq.; and to dismiss the proceeding under Chapter XI, unless the debtors' prior petitions under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. should be reinstated.

Upon the argument of the case in this court on December 17 of last year, it was agreed, at the suggestion of the parties, that the disposition of this case should await decision of the Supreme Court in a then pending case, General Stores Corporation v. Shlensky. On March 26, 1956, the Supreme Court delivered its opinion in that case. 76 S.Ct. 516. Nothing is found in the opinion of the highest tribunal, in the General Stores Corporation case, to gainsay the accuracy of the opinion of the district judge in the instant case. Indeed, we think the discussion by Mr. Justice Douglas indicates that the district judge in this case applied appropriate considerations and was privileged to exercise— as in our judgment he did—sound discretion in this matter.

The fact that the opinion of the United States District Judge has been published and is therefore accessible to the legal profession makes it unnecessary that we should detail the circumstances out of which this litigation arose. See opinion of District Judge Kent: In re Wilcox-Gay Corporation, D.C., 133 F. Supp. 548.

The original proceedings were filed on behalf of The Wilcox-Gay Corporation and its subsidiary under provisions of Chapter X of the Bankruptcy Act. 11 U.S.C.A. § 501 et seq. Subsequently, the debtor corporations filed petitions to transfer the proceedings to Chapter XI of the Act, 11 U.S.C.A. § 701 et seq. setting forth, in the opinion of the district judge, good and sufficient reasons for such transfer. Orders were entered, therefore, permitting the debtors to amend their petitions to conform to the provisions of Chapter XI of the Bankruptcy Act. The petitions for transfer averred that the obligations to secure creditors had been liquidated, or would be liquidated, in the immediate future. Shortly after the transfer, the debtor corporations filed plans for arrangements, providing for the payment of priority claims and for scaling down general creditors' claims by fifty per cent with provisions for payment of such claims over a period of five years at the rate of ten per cent per year.

Pursuant to section 238 of the Bankruptcy Act, the Securities and Exchange Commission intervened, praying that the court dismiss the debtors' petitions, refuse confirmation of their proposed arrangements, and dismiss the proceedings unless the debtors' prior petitions under Chapter X of the Bankruptcy Act should be reinstated thereunder. After full hearing on the motions and a deliberate consideration of the evidence introduced, the district court denied the motions of the Securities and Exchange Commission in a well-considered opinion, to which reference heretofore has been made. The contentions of the Securities and Exchange Commission were carefully considered, including the argument that Chapter XI is not available to "large" corporations having "widely held" securities.

The district court stated its reliance upon an opinion of the United States Court of Appeals for the Second Circuit, In re Transvision, Inc., 217 F.2d 243, 246. The district judge [133 F.Supp. 553] quoted from the language of that opinion, including the following paragraph: " 'The Supreme Court has declared that this determination as to the adequacy of the relief afforded by Chapter XI is one within the purview of the district court's discretionary exercise of its equity powers, * * * and unless the petitioner's corporate and financial condition is demonstrably such as to indicate that the district court has abused that discretion, its determination should be sustained.' "

District Judge Kent pointed out that his initial examination of the plans offered indicated that the proposed arrangements are feasible, that the efforts of the trustee have resulted in substantial improvement in the financial position of the debtor corporations, and that the

evidence in the record had satisfied him that there is a "reasonable likelihood" that consummation of the proposed arrangements would result in the desired financial recovery of the debtor corporations. He said, moreover, that he was unable to find any possibility of prejudice to the investing public, that the stockholders have no present financial interest in the debtor corporations, and that such interest therein could arise only in the event that the continued operations of the debtor corporation are profitable. He asserted, further, that the creditors had stated in open court that they would be unwilling to agree to any plans proposed should the present management be required to divorce itself entirely from the continued operation of the corporations; that, in view of the jurisdiction to be retained by the Referee in Bankruptcy under the proceedings under Chapter XI, an avenue will be open at all times for minority stockholders, or other interested parties, to call to the attention of the court any evidence of substantial irregularities by the management.

Satisfaction was expressed by the district judge with the showing that there had never been any intention to circumvent the venue requirement of Chapter XI. It was said, further, that the petition for transfer from Chapter X to Chapter XI was justified and advisable because of the change in circumstances of the debtor corporations.

The final conclusions of the district court were stated substantially, as follows: (1) the determination of the propriety of the use of Chapter X in the proceedings falls entirely within the sound discretion of the trial court; (2) the district court possesses jurisdiction over the subsidiary, Garod Radio Corporation (a New York corporation), under Chapter XI proceedings; (3) further delay required for transfer of the proceedings back to Chapter X for unnecessary investigation might be prejudicial to the ultimate success of the proposed plans and is not necessary; (4) no satisfactory reason has been given for delay by the Securities and Exchange Commission in filing its motions; (5) there is no substantial public interest involved which required intervention of the Securities and Exchange Commission and the return of the proceedings to Chapter X, there being a distinction between "public ownership" and "public interest"; (6) further investigation is unwarranted and unnecessary, inasmuch as the efforts of the trustee-receiver, his accountants, counsel, and management consultants in cooperation with other interested parties, including the creditors' committee and its counsel, have resulted in a thorough investigation of the operations and financial condition of the debtor corporations; (7) the present plans appear to be feasible and may be reasonably anticipated to result in the rehabilitation of these debtor corporations as profitable enterprises.

In our judgment, these considerations upon which the denial of motions of the Securities and Exchange Commission was grounded display an exercise by the district judge of sound judicial discretion, and are consistent with the recent opinion of the Supreme Court in the General Stores Corporation case, supra. It was explained in the Supreme Court's opinion that the opinion in Securities and Exchange Commission v. United States Realty and Improvement Company, 310 U.S. 434, 60 S.Ct. 1044, 1053, 84 L.Ed. 1293 did not adopt the distinction that Chapter X of the Bankruptcy Act affords relief for corporations whose securities are publicly owned while Chapter XI is available to debtors whose stock is closely held; or that Chapter X is designed for large corporations, while Chapter XI is designed for smaller ones; or that it is the character of the debtor that determines whether Chapter X or Chapter XI affords the appropriate remedy.

On the other hand, the opinion in the United States Realty and Improvement Company case emphasized the need to determine on the facts in the case whether the formulation of a plan under the

control of the debtor, as provided by Chapter XI, or the formulation of a plan under the auspices of disinterested trustees, as assured by Chapter X and the other protective provisions of that chapter, would better serve "the public and private interests concerned including those of the debtor."

In the General Stores Corporation opinion, the Supreme Court stated that the United States Realty and Improvement Company case had presented a rather simple problem, in that there one class of creditors was being asked to make sacrifices while the position of the stockholders remained unimpaired, contrary to the teachings of Case v. Los Angeles Lumber Products Company, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 and for the further reason that the history of the company raised a serious question as to whether any fair and equitable arrangement in the best interest of creditors could be effected without some re-arrangement of its capital structure. It was said that, for those reasons, Chapter X had been held to afford the appropriate relief.

The General Stores opinion then continued [76 S.Ct. 519]: "The character of the debtor is not the controlling consideration in a choice between c. X and c. XI. Nor is the nature of the capital structure. It may well be that in most cases where the debtor's securities are publicly held c. X will afford the more appropriate remedy. But that is not necessarily so. A large company with publicly held securities may have as much need for a simple composition of unsecured debts as a smaller company. And there is no reason we can see why c. XI may not serve that end. The essential difference is not between the small company and the large company but between the needs to be served."

Although the Supreme Court decided in the General Stores Corporation case that the lower courts had properly concluded that the business of the debtor needed a more pervasive reorganization than was available under Chapter XI, nothing was said in its opinion to indi-

cate that such would be true in the instant case. On the contrary, the portions of the Supreme Court's opinion which have been discussed indicate that the decision of the district judge in the controversy here should be affirmed where it appears that he exercised sound discretion within allowable bounds.

The order of the United States District Court is affirmed.