In the Matter of LEA FABRICS, INC., Debtor.

Securities and Exchange Commission, Appellant.

No. 13054.

United States Court of Appeals Third Circuit.

Argued Nov. 17, 1959.

Decided Dec. 8, 1959.

Rehearing Denied Jan. 5, 1960.

David Ferber, Washington, D. C. (Thomas G. Meeker, Gen. Counsel, S.E. C., Washington, D. C., Richard V. Bandler, Sp. Counsel, Kiva Berke, Herbert Wolff, Attys., S.E.C., New York City, on the brief), for appellant.

George Furst, Newark, N. J. (Furst, Furst & Feldman, Newark, N. J., on the brief), for unsecured creditors' committee.

Morris M. Ravin, Newark, N. J. (Ravin & Ravin, Newark, N. J., on the brief), for debtor.

Samuel M. Coombs, Jr., Newark, N. J. (Stanley Weiss, Newark, N. J., on the brief), for Max Mehler.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of the District Court for New Jersey denying a motion of the Securities and Exchange Commission to dismiss a Chapter XI, 11 U.S.C.A. §§ 701–799, bankruptcy proceeding unless the petition therein be amended to comply with the requirements of Chapter X, 11 U.S.C.A. §§ 501–676. The district judge filed no written opinion but this Court has had the benefit of reading his oral opinion issued prior to the order denying the motion. The Securities and Exchange Commission takes this appeal.

The debtor, Lea Fabrics, Inc., formerly manufactured "a special and unique type of carpeting designed and fabricated to serve the automobile trade." This business fell off and became a losing venture. The corporation then interested itself in various other enterprises the nature of which is not necessary to detail here. Its real and movable property was mortgaged and those mortgages have been foreclosed, the foreclosures resulting in the creation of deficiencies. The debtor

is insolvent. On November 10, 1958, on petition of a creditor, a statutory receiver was appointed by the Chancery Division of the Superior Court of New Jersey, Essex County. This receivership continued for about two months and was terminated when the debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. 11 U.S.C.A. §§ 701–799. The receiver appointed in the Chapter XI proceeding was the same person who had served as receiver in the prior state court proceedings.

After several months an arrangement was proposed and agreed to by the necessary majority of the creditors. Under this arrangement the unsecured creditors are to receive twenty cents on the dollar. There is to be a sufficient fund ($300,000) to be available for this purpose obtained by management on an unsecured loan. This fund will pay the expenses of administration in full, the priority claims in full and the general creditors twenty cents on the dollar as indicated. After the plan was proposed the settlement of the matter was delayed from time to time while management sought to find the money necessary to consummate the arrangement. At the hearing where confirmation was to be sought the Securities and Exchange Commission intervened [1] and made its motion to dismiss the Chapter XI proceeding unless the debtor would amend so as to come in under Chapter X. This the debtor refused to do.

All of the decisions to which we have been referred, five in number, dealing with the problem of whether to dismiss Chapter XI proceedings unless the debtor brings itself under Chapter X place great emphasis upon the discretion vested in the trial judge on this question. The cases are as follows: SEC v. United States Realty & Improvement Co., 1940, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; In re Transvision, Inc., 2 Cir., 1954, 217 F.2d 243, certiorari denied 1955, 348 U.S. 952, 75 S.Ct. 440, 99 L.Ed. 744; General Stores Corp. v. Shlensky, 1956, 350 U.S. 462, 76 S.Ct. 516, 100 L. Ed. 550; SEC v. Wilcox-Gay Corp., 6 Cir., 1956, 231 F.2d 859; SEC v. Liberty Baking Corp., 2 Cir., 240 F.2d 511, certiorari denied 1957, 353 U.S. 930, 77 S.Ct. 719, 1 L.Ed.2d 723.[2]

That discretion, it is to be observed, is not one limited greatly by settled legal rules. True, it has been categorically stated that Chapter XI is not solely for small corporations and Chapter X not solely for big corporations. General Stores Corp. v. Shlensky, 1956, 350 U.S. 462, 465–466, 76 S.Ct. 516. But the criterion by which the district judge's discretion is to be exercised has to do with the best arrangement for all parties concerned under the circumstances confronting the particular corporation. Ibid.

The discretion was properly exercised in this instance. The debtor's corporate structure is a simple one; it

---

1. SEC intervention was predicated on Section 328 of the Bankruptcy Act, added in 1952, 11 U.S.C.A. § 728 (Supp.1958), which in pertinent part reads as follows:

   "§ 728. Dismissal, proceedings; amended petition

   "The judge may, upon application of the Securities and Exchange Commission * * * if he finds that the proceedings should have been brought under chapter 10 of this title, enter an order dismissing the proceedings under this chapter, unless, within such time as the judge shall fix, the petition be amended to comply with the requirement of chapter 10 of this title for the filing of a debtor's petition or a creditors' petition under such chapter, be filed * * *."

2. For a review of the uncertain legislative history and the cases prior to the Supreme Court's affirmance in General Stores, the Sixth Circuit's affirmance in Wilcox-Gay and the Second Circuit's reversal in Liberty Baking, see: Weintraub, Levin & Novick, Chapter X or Chapter XI: Coexistence for the Middle-Sized Corporation, 24 Fordham L.Rev. 616 (1956).

   For the story thereafter see: Weintraub & Levin, A Sequel to Chapter X or Chapter XI: Coexistence for the Middle-Sized Corporation, 26 Fordham L.Rev. 292 (1957).

has common shareholders but no preferred shareholders or bondholders. Management owns or controls more than half the common stock. The proposed arrangement does not interfere in any way with whatever rights shareholders may have. The plan has been agreed to by the unsecured creditors and the priority creditors, including tax claimants, are fully cared for.

Not the least of the considerations which prompt approval of the trial judge's exercise of discretion is the situation of this corporation. It was engaged, apparently profitably, in the manufacture of goods no longer in market demand. Its other ventures have been unsuccessful. It has no tangible assets except some television properties the value of which is speculative. According to the record, all the corporation now has of any substantial value is a tax loss carry-over.

Chapter X proceedings would involve the appointment of a disinterested trustee and investigation into the previous operation of this corporation before a plan for rehabilitation could be submitted, if indeed such a plan ever could be worked out. All of this necessarily involves time and money. There is $33,000 under the control of the referee which he insisted on being deposited as a condition to granting continuances while funds were being sought to effect the plan. The Securities and Exchange Commission says that "presumably" this $33,000 would be available for Chapter X expenses. We do not see the basis on which the presumption rests, nor are we advised how far the $33,000 would go in providing for the expenses of such investigation and report as a trustee might make. The $300,000 to be used to pay creditors, as we understand it, is not yet cash in hand but will be upon approval of the Chapter XI plan if it is not too long delayed.

There is, in this case, a situation where, as Judge Medina said in the Transvision case, "there may be some basis for suspecting possible improprieties in past management." 217 F.2d at page 247. What we say here is by no means to be interpreted as giving past management of Lea Fabrics a health certificate. The point is that we do not know whether there is basis for anything more than "possible improprieties." If there is, the arrangement here does not deprive any shareholder of his rights to enforce claims for losses occasioned by improper management. To further quote from Judge Medina's opinion:

> "Certainly, so ephemeral a suspicion is not an adequate basis upon which to overturn a plan which the District Court, on the facts before it at this time, appears to believe may ultimately be found feasible, and one which, necessarily, would have to be acceptable to at least a majority of the unsecured creditors before being approved." Ibid.

While the New Jersey receivership was in progress the receiver made a seven-day investigation of the debtor's relations with certain other companies in which management was also interested. There was not, at the time, even enough money to have the testimony transcribed. The investigation developed nothing of value. It was admittedly a nonthorough one but in a week's hearing it should have produced at least some clues if clues were to be found.

The court here was confronted with the expensive possibility of an investigation to determine whether vague suspicions were well founded. The debtor has no assets with which to finance such an investigation. Even if a plan evolved under Chapter X which was "fair and equitable," 11 U.S.C.A. § 621(2), the shareholders would stand little chance of profiting by it. We think that the district court exercised sound business, as well as legal, judgment in denying the motion to dismiss the Chapter XI proceeding.

The judgment of the district court is affirmed.